VIRGILIO RIVERA-AROMI, Plaintiff and Appellant, v. MUNICI-
PALITY OF SANTA ISABEL, Defendant and Appellee.

No. 4216.   Argued November 23, 1927.—Decided July 23, 1928.

*Adolfo Porrata Doria* for the appellant.   *Leopoldo Tormes* for the
appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In March, 1926, Dr. Virgilio Rivera Aromi sued the mu-
nicipality of Santa Isabel and alleged that in July, 1924, he
was employed as a physician by Manuel Néstor Rodríguez,
then mayor of Santa Isabel, to render his services to the
said municipality in the hospital and in attending the poor
patients because at that time there was no physician in Santa
Isabel, agreeing that the plaintiff's fees would be paid by
the said municipality; that he accepted the proposition and
during fourteen or fifteen days of July he went daily from
Coamo to Santa Isabel where he treated the sick of that
municipality in the hospital and in their homes; that the
reasonable value of the services may be estimated at $525;
that it has not been paid to him by the municipality of Santa
Isabel notwithstanding his demand for payment, wherefore
he prayed for judgment ordering the defendant municipality
to pay him the said amount.

The defendant municipality answered through its mayor
opposing the claim and alleging that in July 1924, the plain-
tiff was rendering his professional services as physician to
the municipality of Coamo and was thus prevented from
rendering any professional services to another municipality.

On the day set for the trial the defendant municipality
did not appear and the plaintiff submitted the case on his
own testimony.   Judgment was then rendered dismissing the

complaint and from it this appeal was taken, in which the appellee has not appeared.

The plaintiff testified at the trial that in July, 1924, he was the municipal doctor of Coamo with a salary of $140 monthly, working only during the morning hours and giving his time in the afternoon to his private practice in a clinic which he had there with Dr. Ortiz; that on the 15th of July, 1924, he was visited by Manuel Néstor Rodríguez, then mayor of Santa Isabel, and two assemblymen of that municipality who desired to engage his professional services for the sick of that municipality where there had been no charity doctor for more than a month and promised him that his services would be paid for not as a salary, but as professional services; that the plaintiff agreed to attend those patients during the afternoon hours, as he did for fifteen days, having on two occasions to go to Santa Isabel during the night; that the mayor used to go to Coamo every day to fetch him and twice when he did not go he sent his chauffeur; that he has presented his bill to the said municipality for $500 plus $25 for traveling expenses, but has not been paid, and that that sum is equivalent to what he would have earned by working in Coamo for his account in the afternoons, for his monthly income from his private practice amounted to $1,000, more or less, because his clinic was equipped with a laboratory and at that time there were only two doctors in Coamo, he and Dr. Ortiz.

The mayor is the municipal executive chief, but we do not find among the powers conferred on him by section 29 of the Municipal Law, as amended in 1924, any authority to enter into the contract on which the complaint before us is based, nor has the appellant cited us to any statute in that sense. The general rule that when one person employs another to render services the law supposes a promise to pay the reasonable value of such services has no application to a case of medical services rendered to a third person if the relation between the patient and the person who engages the

services is not such that it carries with it the legal obligation to give him medical attendance. 21 R.C.L. 412. See also page 413 in relation to services to corporations. The action of the mayor in this case does not bind the defendant municipality because it did not engage the services of the appellant or sanction the conduct of the mayor; therefore, it is not bound to pay for services rendered by the plaintiff at the instance of the mayor.

For the foregoing reasons the judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.